SEE, Justice
(dissenting).
I believe that the issues argued before this Court were argued below; therefore, I dissent.
I do not believe that Anna Garrett has the power to revoke her will; it is a joint will, and she accepted the property devised to her under it. See Humphries v. Whiteley, 565 So.2d 96, 101 (Ala.1990) (“ ‘ ‘Where two parties contract to make a joint, mutual and reciprocal will, each pledges to the other that he will execute a mutually agreeable will, and will have that will in full force and effect at the time of death.... [T]he fact of contract may be conclusively presumed from the fact of the joint will being executed. Such contract becomes partially executed upon the death of one of the parties to the agreement and the acceptance by the survivor of properties devised or bequeathed under the will and pursuant to the agreement to make such joint will. At this point the contract becomes irrevocable, the survivor having received the consideration promised.” ’ ”) (quoting In re Estate of Chayka, 47 Wis.2d 102, 106, 176 N.W.2d 561, 563-64 (1970)). Anna Garrett is, I believe, bound by the terms of her will to pass to the six children “all of the property, real, personal and mixed, of which [she] dies seized and possessed, to share and share alike, absolutely, in fee simple.” I note that the will does not require her to preserve her estate; she must not, however, “revoke or defeat her will.” 565 So.2d at 103 (Maddox, J., dissenting).